FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 14 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

MICHAEL YOUNG,

Defendant.

06-CR-333

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On May 26, 2006, Michael Young pleaded guilty to a single-count information. The information charged that on or about August 31, 2005, he distributed and possessed with intent to distribute methyldioxymethamphetamine ("MDMA"), a drug commonly referred to as ecstasy, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c). He was sentenced to imprisonment for one year and one day, followed by three years of supervised release. *See* Statement of Reasons, Jan. 28, 2008, ECF No. 31.

On January 24, 2014, the defendant pleaded guilty to a single charge of violating a condition of supervised release; the remaining charges were withdrawn. The charge to which he pleaded was: between February 19, 2009 and May 28, 2010, the defendant "purchase[d], possess[ed], use[d], distribute[d], or administer[ed] any narcotic or other controlled substance" without a physician's prescription. The violation is classified as Grade C. *See* U.S.S.G. § 7B1.1(a)(3). Defendant's criminal history category at the time he was originally sentenced was I, yielding a guidelines range for the violation of between three and nine months of imprisonment. U.S.S.G. § 7B1.4(a).

Defendant is sentenced to six months of imprisonment, with no credit for time served. Execution of this sentence is suspended for six months. He shall report to probation immediately if he is arrested for any offense. If convicted, he will be committed to serve the full sentence imposed. He is discharged from supervised release. If he is not arrested during the six months of suspension, the sentence will be deemed withdrawn without further order.

The defendant should be motivated by this sentence to commence a sober and law-abiding life with his fiancé and daughter. Further incarceration at this time will be of no benefit to him or society.

Mr. Young understands the consequences should he fail to seize this opportunity.

Jack B. Weinstein
Senior United States District Judge

Dated: February 10, 2014
Brooklyn, New York